Lorna BATES,
Stevie Chuderski, Jeanice Curtis, Barbara Hopp,
Patrick Goebel, Jackie Hennessy
and Oregon School Employees Association,
*Respondents,*

*v.*

PORTLAND FEDERATION OF TEACHERS
AND CLASSIFIED EMPLOYEES,
*Petitioner,*

*and*

Karen GORDER,
Randi Nolan and Portland School District 1J,
*Respondents.*

(UP-6-87; CA A62212)

807 P2d 306

James S. Coon, Portland, argued the cause for petitioner.

With him on the brief was Imperati, Barnett, Sherwood & Coon, P.C., Portland.

Michael J. Tedesco, Portland, argued the cause for respondents Lorna Bates, Stevie Chuderski, Jeanice Curtis, Barbara Hopp, Patrick Goebel, Jackie Hennessy and Oregon School Employees Association.

No appearance for respondents Karen Gorder, Randi Nolan and Portland School District 1J.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner Portland Federation of Teachers and Classified Employees (Union) is the exclusive bargaining agent for employees of Portland School District 1J (District).[1] It seeks review of an Employment Relations Board (ERB) order determining that the "fair share" provision in the parties' collective bargaining agreement is invalid under ORS 243.650(10) and is not otherwise valid as a union security provision. We affirm.

Union and District negotiated a collective bargaining agreement effective from August 23, 1984, through June 30, 1987, which included this provision:

"Article 8

"PAYROLL DEDUCTIONS

"* * * * *

"B. Fair Share

"* * * * *

"4. "If 'fair share' is approved by the employees, the District shall, upon request of the Federation, automatically deduct from payroll checks of the employees in the bargaining unit who are non-members of the Federation as a fair share payment in-lieu-of-dues. Such deductions by the District shall be remitted to the Federation along with any deducted payroll dues. Such amount shall not exceed the usual and customary monthly dues of the Federation."

A majority of the employees in the bargaining unit voting on the issue approved the provision. In November, 1984, District and Union amended the provision to exempt from payroll deductions employees working fewer than 15 hours per week. Seven employees and the Oregon School Employees Association (OSEA) then filed an unfair labor practice complaint with ERB, alleging, *inter alia,* that Union had violated ORS 243.672(2), because the provision is not a valid "fair share" provision under ORS 243.650(10). ERB agreed and ordered Union to cease and desist from enforcing the provision and to

---

[1] The original complainants, Oregon School Employees Association and individual employees, filed an unfair labor practice charge under ORS 243.672 (1) and (2) and sought judicial review of other provisions of ERB's order. Union cross-petitioned, raising the issue discussed in this opinion. We granted complainants' motion to dismiss their petition for judicial review on January 31, 1990, and redesignated Union as "petitioner."

reimburse the complainants for all amounts collected within the 180 days before the filing of the complaint.

■    Petitioner now concedes that, because the agreement exempts employees working fewer than 15 hours per week, it does not fall within the definition of "fair share" under ORS 243.650(10) and (16).[2] In that, it is correct: The statute requires that, in order to qualify as a fair share agreement, "all persons" who are not union members must be required to make payments in lieu of dues. Nevertheless, it argues that ERB erroneously interpreted a provision of law by not holding that the provision is a union security arrangement that is valid, because it is no more restrictive than the "fair share" agreement allowed by statute.

■    Petitioner relies on *Stines v. OSEA,* 287 Or 643, 601 P2d 799 (1979). In *Stines,* the complainant was a former union member who wished to withdraw from the union but was required to continue paying dues or their equivalent under this contract provision:

> *Section 1.*   All members of the bargaining unit who are members of the Association as of the effective date of the agreement or who subsequently voluntarily become members of the association shall continue to pay dues, or the equivalent, to the Association during the term of this agreement."

The Supreme Court held that the provision did not qualify as "fair share," because it did not require contributions by all nonunion employees. It was, instead, a recognized form of

---

[2] ORS 243.650 provides, in part:

"As used in ORS 243.650 to 243.782, unless the context requires otherwise:

"* * * * *

"(10) 'Fair-share agreement' means an agreement between the public employer and the recognized or certified bargaining representative of public employees whereby employees who are not members of the employee organization are required to make an in-lieu-of-dues payment to an employee organization except as provided in ORS 243.666.

"* * * * *

"(16) 'Payment-in-lieu-of-dues' means an assessment to defray the cost for services by the exclusive representative in negotiations and contract administration of all persons in an appropriate bargaining unit who are not members of the organization serving as exclusive representative of the employees. The payment shall be equivalent to regular union dues and assessments, if any, or shall be an amount agreed upon by the public employer and the exclusive representative of the employees."

union security agreement, a "maintenance of membership" provision, the enforcement of which would constitute an unfair labor practice unless it was the equivalent of a "fair share" provision or was a less severe form of union security arrangement than a "fair share" provision under the rule of *NLRB v. General Motors Corp.*, 373 US 734, 83 S Ct 1453, 10 L Ed 2d 670 (1963). The court pointed out that the maintenance of membership clause only applies to those who had willingly and voluntarily joined the union, whereas a "fair share" provision includes all employees who are not members of the union, whether they have ever joined or not. Therefore, it concluded that the questioned provision was less restrictive than "fair share" and was permissible. The case does not help petitioner.

The provision here, like the one in *Stevens v. OPEU,* 82 Or App 264, 728 P2d 70 (1986), *rev den* 303 Or 172 (1987), is clearly an attempt to have a "fair share" provision without complying with the statutory requirements. It is labelled "Fair Share" and, in its original form, it met the statutory requirements; however, as amended, it does not. Its intended purpose is unquestionably the collection of "fair share" payments from some, but not all, nonunion members in the bargaining unit, and it does not qualify as any other kind of recognized union security arrangement.[3]

Affirmed.

---

[3] In *Stines v. OSEA, supra,* 287 Or at 646 n 1, the court identified five recognized types of union security clauses: "fair share," closed shop (outlawed by the Taft-Hartley Act), union shop, agency shop and maintenance of membership.